**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

HAYWARD FEASTER, III,

    Petitioner,

v.                                           CASE NO. 8:12-CV-2267-T-30MAP
                                             CRIM. CASE NO. 8:09-CR-100-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) challenges the validity of his plea-based convictions for possession of a firearm by a convicted felon, possession with intent to distribute 240 grams of cocaine, and possession of a firearm in furtherance of a drug trafficking crime. Petitioner pleaded guilty and was sentenced to 262 months in prison to be followed by 5 years supervised release (CR Dkt. 34).

Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United*

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

*States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").  The motion to vacate is time-barred.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitation for a motion to vacate.  "A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f).  Because Petitioner's conviction was final on January 10, 2011,[2] his limitation period expired one year later on January 10, 2012.  Pursuant to the mailbox rule,[3] Petitioner's § 2255 motion is considered filed as of September 28, 2012, which is the date he signed the motion (CV Dkt. 1 at docket page 13).  Because the motion was filed more than eight months too late, Petitioner's motion to vacate is untimely.

Petitioner appears to argue entitlement to equitable tolling.  "[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2554 (2010).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing

---

[2] The United States Supreme Court denied Petitioner's request for certiorari review on January 10, 2011.  *Feaster v. United States*, 131 S. Ct. 968 (2011) [table].  Therefore, the limitation period commenced on January 11, 2011.  *See Wainwright v. Sec'y, Dep't of Corr.*, 537 F.3d 1282, 1283 (11th Cir. 2007) (conviction becomes final for purposes of federal habeas statute of limitations the day the United States Supreme Court denies certiorari; the statute of limitations begins running the next day).

[3] *Houston v. Lack,* 487 U.S. 266, 276 (1988) ("[T]he notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (a *pro se* prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing).

his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

On May 14, 2012, over three months after expiration of Petitioner's limitation period, Petitioner submitted an unsigned letter to the Court in which he requested the Court allow him to file an untimely § 2255 motion on the ground that he was unable to timely file because of "steady transfering [sic]" and "kidney renal failure." (CR Dkt. 68). The Court construed the letter as a motion for leave to file a § 2255 motion out of time, and on June 1, 2012, issued an order deferring a ruling on the motion, and directing Petitioner to file a § 2255 motion which included a section requesting equitable tolling and giving all reasons in support (CR Dkt. 69). Not having received a § 2255 motion from Petitioner, the Court issued an order on July 17, 2002 directing Petitioner to file a § 2255 motion within 14 days of the order (CR Dkt. 70). On July 30, 2012, Petitioner filed a motion requesting the Court provide him, at no cost to Petitioner, with copies of numerous court documents from his criminal case (CR Dkt. 71). He also filed a motion requesting a thirty-day extension to file his § 2255 motion (CR Dkt. 72). On August 2, 2012, the Court issued an order granting Petitioner an extension until September 4, 2012, within which to file his § 2255 motion (CR Dkt. 73). The Court also granted, in part, Petitioner's motion for copies of documents, directing the Clerk to provide Petitioner, free of charge, with a copy of the docket index and transcripts of the plea and sentencing hearings (CR Dkt. 74).

Petitioner failed to file his § 2255 motion by September 4, 2012. Therefore, on September 18, 2012, the Court denied Petitioner's motion for leave to file an untimely § 2255

motion (CR Dkt. 75). Thereafter, on September 28, 2012, Petitioner filed a § 2255 motion, a memorandum of law in support of the § 2255 motion, and "Motion to Show Cause Why § 2255 Petition Filed Out of Time Should Not be Denied and Amendment to File as a Matter of Law" ("motion to show cause") (CV Dkts. 1-3).

In his motion to show cause, Petitioner asserted that he did not file his § 2255 motion by September 4, 2012, because "due to circumstances beyond his control, Petitioner's mail was irretrievably lost getting to this court's mailroom. Neither his counselor, nor the mailroom (here), nor the postal service has any idea where Petitioner's petition could be." (CV Dkt. 3 at 1-2). Petitioner did not, however, present any reasons why he did not timely file his § 2255 motion prior to the expiration of the limitation period on January 10, 2012, and why he is entitled to equitable tolling of the limitation period (see CV Dkts. 1-3).[4] Instead, he argued that if this Court were to deny his § 2255 motion as time-barred, it would violate his right to habeas corpus relief "without limit of time." (CV Dkt. 3 at 2). The Eleventh Circuit Court of Appeals, however, has already held that "the AEDPA limitations periods do not *per se* constitute a suspension of the writ [of habeas corpus]." *Johnson v. United States*, 340 F.3d 1219, 1228 n.8 (11th Cir. 2003) (citing *Tinker v. Moore*, 255 F.3d 1331, 1334 (11th Cir. 2001); *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213 (11th Cir. 2000)).

---

[4]The Court clearly instructed Petitioner "to file his § 2255 Motion and include a section requesting equitable tolling giving all reasons in support." (CR Dkt. 70).

Petitioner has failed to present extraordinary circumstances sufficient to warrant equitable tolling of the limitation period.[5] Consequently, his § 2255 motion must be dismissed as time-barred.

ACCORDINGLY, the Court **ORDERS** that:

1. The motion to vacate, set aside, or correct sentence (CV Dkt. 1) is **DISMISSED** as time-barred.

2. Petitioner's "Motion to Show Cause Why § 2255 Petition Filed Out of Time Should Not be Denied and Amendment to File as a Matter of Law" (CV Dkt. 3) is **DENIED**.

3. The Clerk shall enter judgment against Petitioner, terminate all pending motions, and close this case.

4. If Petitioner can show by record evidence that his § 2255 motion is not time-barred, the Court will entertain a motion to reopen this case if Petitioner files the motion within twenty-eight (28) days from the date of this Order.

---

[5]Even if the Court were to consider the arguments Petitioner raised in his unsigned and unsworn motion for leave to file an out of time § 2255 motion, i.e., that transfers and kidney failure prevented him from timely filing the § 2255 motion, Petitioner would fail to demonstrate entitlement to equitable tolling. Petitioner fails to present specific facts or evidence that his transfers prevented him from timely filing his § 2255 motion, or that his transfers were extraordinary or anything other than routine. The Eleventh Circuit has rejected claims that a prisoner's transfer within the penal system constitutes sufficient cause to overcome the procedural bar resulting from the untimely filing of a post-conviction motion. *See Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004), *aff'd*, 545 U.S. 353 (2005). Further, the "Movement Data" information provided by Petitioner appears to belie Petitioner's allegation that he was frequently transferred during the limitation period. For instance, the "Movement Data" information appears to indicate that Petitioner remained at the "MCD" correctional facility between March 28, 2011 and October 4, 2011, and remained at the "DEV" correctional facility between October 25, 2011 and April 25, 2012 (CR Dkt. 68 at 3). Moreover, even taking as true that Petitioner suffered from a significant health problem, he has not shown "(1) that his medical conditions were sufficiently debilitating to constitute 'extraordinary circumstances' justifying equitable tolling and (2) that he exercised enough diligence in pursuing his § [2255 motion] during the limitation period." *Lang v. Alabama*, 179 Fed. Appx. 650, 652 (11th Cir. 2006) (unpublished). The Court notes that the information provided by Petitioner appears to indicate that Petitioner was first hospitalized on October 4, 2011, was released from the hospital on October 25, 2011, and began dialysis on November 1, 2011 (CR Dkt. 68 at 3). Petitioner, however, has presented no evidence that his medical condition rendered him incapable of preparing his § 2255 motion during the limitation period.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the § 2255 motion is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on October 19, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner, *pro se*